KATHLEEN DARMAGNAC (SBN 150843)
**LEONE ALBERTS & DUUS**
1390 Willow Pass Road, Suite 700
Concord, CA 94520-7913
Telephone: (925) 974-8600
Facsimile: (925) 974-8601
Email:kdarmagnac@leonealberts.com

Attorneys for Defendants
BRENTWOOD UNION SCHOOL DISTRICT, ROXANNE JABLONSKI-LIU
and CHRIS CALABRESE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN MIJARES<br><br>      Plaintiff,<br><br>vs.<br><br>BRENTWOOD UNION SCHOOL DISTRICT; ROXANE JABLONSKI-LIU in her official and individual capacities; CHRIS CALABRESE in his official and individual capacities; and DOES 1 through 20, inclusive,<br><br>      Defendant. | **Case No.: 3:23-CV-00398-JSC**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. Rules Civ.Proc. 12(b)(6)]<br><br>Date:  June 1, 2023<br>Time:  10:00 a.m.<br>Place: Courtroom 8, 19th Floor<br>Honorable Jacqueline Scott Corley<br><br>Complaint Filed: January 26, 2023<br>Trial Date: Not Yet Set |

1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 1, 2023 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Brentwood Union School District ("BUSD" or "District") will and does hereby move to dismiss Plaintiff's Fifth and Eighth Causes of Action on the grounds that they are legally deficient and thus fail to state claims upon which relief may be granted under Fed.R.Civ.Proc. 12(b)(6), and Defendants Roxanne Jablonski-Liu and Chris Calabrese, will and do hereby move this Court to dismiss Plaintiff's Sixth, Seventh, Eighth, and Ninth Causes of Action, and Plaintiff's Request for Punitive Damages on the grounds that they are legally deficient, and thus fail to state claims upon which relief may be granted. Fed.R.Civ.Proc. 12(b)(6).

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities herein, and all pleadings in this action and any evidence or oral argument that may be offered in reply and at the hearing on this Motion.

Dated: April 19, 2023         **LEONE ALBERTS & DUUS**

_____
**KATHLEEN DARMAGNAC**
Attorney for Defendants
BRENTWOOD UNION SCHOOL DISTRICT,
ROXANNE JABLONSKI-LIU AND
CHRIS CALABRESE

**TABLE OF CONTENTS**

| | | **Page No.** |
|---|---|---|
| I. | INTRODUCTION ................................................................................... | 6 |
| II. | STATEMENT OF ISSUES TO BE DECIDED ........................................ | 6 |
| III. | SUMMARY OF PERTINENT ALLEGATIONS ........................................ | 7 |
| IV. | LEGAL ARGUMENT ............................................................................. | 9 |
| | A. Plaintiff's Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action Fail To State Claims Per FRCP Rule 12(b)(6) and No Relief Can Be Granted. ................................................................. | 9 |
| | B. Defendant BUSD is Not a "Person" under the Unfair Competition Law (Fifth Cause of Action). ........................................................ | 10 |
| | C. Defendant BUSD and Defendants LIU and CALABRESE in their Official Capacity are Immune from Suit under Eleventh Amendment of US Constitution (Sixth through Ninth Causes of Action). ....................................................................................... | 11 |
| | D. Plaintiff's Facts Allege only Official Acts by Defendants LIU and CALABRESE Entitling Them to Eleventh Amendment Immunity For All Acts Alleged (Sixth through Ninth Causes of Action). ......... | 14 |
| | E. Plaintiff's Request for Punitive Damages Must be Dismissed. ....... | 15 |
| V. | CONCLUSION ..................................................................................... | 15 |

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT

# Table of Authorities

**Cases**

*Belanger v. Madera Unified School Dist.*
  (9th Cir. 1992) 963 F.2d 248 .................................................................. 12

*Bell Atl. Corp. v. Twombly*
  (2007) 550 U.S. 544 ............................................................................... 10

*Cal. Med. Ass'n v. Regents of Univ. of Cal.*
  (2000) 79 Cal. App. 4th 542. ................................................................. 10

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*
  (9th Cir. 2016) 824 F.3d 1156 ................................................................. 9

*Carmen v. San Francisco Unified Sch. Dist.*
  (N.D.Cal. 1997) 982 F.Supp. 1396 ................................................... 13, 14

*Community Memorial Hospital v. County of Ventura*
  (1996) 50 Cal.App.4th 199 .................................................................... 11

*Kirchmann v. Lake Elsinore Unified School Dist.*
  (2000) 83 Cal.App.4th 1098 .................................................................. 12

*Will v. Michigan Dept. of State Police*
  (1989) 491 U.S. 58 ................................................................................ 12

*People for Ethical Treatment of Animals, Inc. v. California Milk Producers Advisory Bd.*
  (2005) 125 Cal.App.4th 871 .................................................................. 10

*Robertson v. Dean Witter Reynolds, Inc.*
  (9th Cir. 1984) 749 F.2d 530 ................................................................. 10

*Seismic Reservoir 2020, Inc. v. Paulsson*
  (9th Cir. 2015) 785 F3d 330 .................................................................... 9

*Trinkle v. California State Lottery*
  (1999) 71 Cal.App.4th 1198 .................................................................. 11

*Wells v. One2One Learning Foundation*,
  39 Cal.4th1164, 1203 ....................................................................... 10, 11

**Statutes**

42 U.S.C § 1981 ............................................................................................. 6-16
42 U.S.C § 1983 ............................................................................................. 6-16
42 U.S.C § 1985 ................................................................................................ 13
42 U.S.C § 1986 ................................................................................................ 13

4

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT

Cal. Business & Professions Code § 17200, et seq. .......................................... 6, 8, 10
Cal. Business & Professions Code § 17201 ............................................................... 10
Cal. Civil Code § 3294 .............................................................................................. 15
Cal. Government Code § 818 .................................................................................... 15
Cal. Government Code § 12940, et seq. ..................................................................... 7
Cal. Labor Code § 1102.5 ........................................................................................... 8
Fed. Rules Civil Procedure, Rule 12 ........................................................... 6, 9, 14, 15

**Other**
U.S. Const., XI Amendment ................................................... 6, 7, 11, 12, 13, 14, 15, 16

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff JULIAN MIJARES (hereinafter "Plaintiff") brings nine causes of action against three defendants, Defendant BRENTWOOD UNION SCHOOL DISTRICT (hereinafter "BUSD" or the "District"), ROXANNE JABLONSKI-LIU (hereinafter ROXANNE LIU) and CHRIS CALABRESE. Defendants bring this motion to dismiss because five of Plaintiff's claims, the Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action, fail to state sufficient facts to state a claim under Fed.Rules Civ.Proc. Rule 12(b)(6), and are thus legally deficient and must be dismissed. Plaintiff purports to state claims under 42 U.S.C. §§ 1981 and 1983 against Defendant BUSD, and Defendants LIU and CALABRESE, in the Sixth, Seventh, Eighth and Ninth Causes of Action. It is well-settled law, Defendant BUSD is a public and governmental entity, and as such is accorded sovereign immunity from suit under the Eleventh Amendment of the U.S. Constitution. Moreover, employees of Defendant BUSD, individual defendants ROXANNE LIU and CHRIS CALABRESE, are also immune from liability when acting in their official capacities. In addition, Plaintiff's complaint also sues Defendants LIU and CALABRESE in their individual capacity under 42 U.S.C. § 1981 and 1983, but those claims also fail because Plaintiff does not allege any acts other than official acts by Defendants LIU and CALABRESE. Finally, Plaintiff's Fifth Cause of Action sues Defendant BUSD for unfair competition under Bus. & Prof. Code §17200 when Defendant BUSD is not a "business" subject to those provisions. For the foregoing reasons, each of these claims must be dismissed without leave to amend.

## II. STATEMENT OF ISSUES TO BE DECIDED

(1) Defendant BUSD is not a "business" subject to liability for unfair competition under Bus. & Prof. Code § 17200 and thus Plaintiff's Fifth Cause of Action fails to state a claim upon which relief can be granted.

(2) Because Defendant BUSD is immune from liability under the Eleventh Amendment of the U.S. Constitution, Plaintiff's Eighth Cause of Action for

6

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT

racial discrimination claim under 42 U.S.C. § 1981 fails to state a claim upon which relief can be granted.

(3) Because Defendants ROXANNE JABLONSKI-LIU and CHRIS CALABRESE are immune from liability under the Eleventh Amendment of the U.S. Constitution for acts taken in their official capacities, Plaintiff's Sixth, Seventh, Eighth and Ninth Causes of Action for racial discrimination and retaliation under 42 U.S.C. § 1981 or 42 U.S.C. §1983 fail to state a claim upon which relief can be granted.

(4) Because Plaintiff's complaint alleges only official acts by Defendants LIU and CALABRESE, it fails to state a claim upon which relief can be granted in their individual capacities under 42 U.S.C. §§ 1981 or 1983.

(5) Because Defendants LIU and CALABRESE have no individual liability Plaintiff's Request for Punitive Damages must be dismissed.

## III. SUMMARY OF PERTINENT ALLEGATIONS

Defendant BUSD is a government agency and public entity operating elementary and middle schools in Contra Costa County. (Complaint for Damages, ¶ 6). Defendant LIU was an Assistant Superintendent of Human Resources employed at Defendant BUSD during all relevant periods and is sued in her official and individual capacities. (*Ibid,* ¶ 7). Defendant CALABRESE was an Assistant Superintendent employed by Defendant BUSD at all relevant periods and is sued in his official and individual capacities. (*Ibid,* ¶ 8). Plaintiff is a current employee of the District. (*Ibid,* ¶ 62). Plaintiff worked as an Assistant Principal at Bristow Middle School in the District from 2016-2022. (*Ibid,* ¶¶ 5,18). Plaintiff was not renewed as an Assistant Principal at Bristow Middle School. (*Ibid,* ¶ 60).

Plaintiff claims that he was demoted to the position of P.E. teacher because of his race, color, gender and/or sex. (*Ibid,* ¶ 66) and brings three causes of action against Defendant BUSD under the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §12940, et seq. for discrimination and retaliation (First, Second and Third Causes

of Action).  (*Ibid*, ¶¶ 63-78). Plaintiff also claims Defendant BUSD violated Cal.Labor Code § 1102.5 because he objected to unlawful discrimination and filed a claim with the Department of Fair Employment and Housing ("DFEH") (Fourth Cause of Action). (*Ibid,* ¶¶ 80-85).

Plaintiff alleges that Defendant BUSD's actions violated California Unfair Competition Law, under Bus.and Prof. Code §§ 17200, et seq., but fails to allege that Defendant BUSD is a "business". (Fifth Cause of Action). (*Ibid*, ¶¶ 87-92). Plaintiff alleges that Defendants LIU and CALABRESE engaged in racial discrimination and retaliation under 42 U.S.C. §1983 in their individual and official capacities. (Sixth and Seventh Cause of Action). (*Ibid*, ¶¶ 93-99). Plaintiff alleges that all Defendants engaged in racial discrimination in violation of 42 U.S.C. § 1981 (Eighth Cause of Action) (*Ibid,* ¶¶ 100-106), and that Defendants LIU and CALABRESE engaged in retaliation in their individual and official capacities in violation of 42 U.S.C. § 1981. (Ninth Cause of Action). (*Ibid*, ¶¶ 107-113). Plaintiff requests punitive damages against Defendants LIU and CALABRESE. (*Ibid,* ¶¶ 114-115).

Plaintiff alleges that Defendant CALABRESE discriminated in his treatment of children when was Director of Student Services for the District, and allegedly commented during a training Plaintiff attended that "when he calls a Black child "articulate", he means that the child is talking like a white kid". (*Ibid*, ¶ 22). He also alleges that Defendant CALABRESE mentioned the races of two students when determining the appropriate disciplinary action when one student touched another. (*Ibid*, ¶ 23). Plaintiff also alleges he was not hired for the position of Coordinator of Alternative Education. (*Ibid,* ¶ *39*) and that Defendant CALABRESE did not offer Plaintiff an interview for that position.  (*Ibid*).

Plaintiff alleges that Defendant LIU received complaints from teachers at Bristow, Ms. Ahlswede and Ms. Whelan, in and around May 4 or 6, 2021 regarding how Plaintiff interacted with them on several issues. He alleges that Defendant LIU placed him paid leave while the District investigated the "safety concerns" raised by the teachers, and

8

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT

issues of bullying and unprofessional behavior, among other things, that the teachers raised with Defendant LIU after interacting with Plaintiff, and that he was banned from entering school property while on leave. Plaintiff further alleges that the investigator found that the teachers who complained about him lied, and he alleges that Defendant LIU misinterpreted the facts to infer misconduct by Plaintiff. And when Defendant LIU sent him the summary of the investigator's findings and informed him that the investigator did not find that his conduct amounted to "abusive conduct", she and defendant BUSD still determined that his conduct was "inappropriate and contrary to the District's general expectations for professionalism" communicated with him regarding the Board's decision to adopt the investigator's findings. Plaintiff further alleges that Defendant LIU did not allow him the right to appeal the District's findings, and recommended he resign or be demoted, among other things (*Ibid,* ¶¶ 18-62).

### IV. LEGAL ARGUMENT

**A. Plaintiff's Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action Fail To State Claims Per FRCP Rule 12(b)(6) and No Relief Can Be Granted.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may assert the following defense by motion: failure to state a claim upon which relief can be granted. A Rule 12(b)(6) dismissal is proper where, as here, the causes of action at issue either fail to allege a cognizable legal theory or fail to allege sufficient facts to support a cognizable legal theory. (*Caltex Plastics, Inc. v. Lockheed Martin Corp.* (9th Cir. 2016) 824 F.3d 1156, 1159. *See also, Seismic Reservoir 2020, Inc. v. Paulsson* (9th Cir. 2015) 785 F3d 330, 335 [FRCP Rule 12(b)(6) dismissal can be based on dispositive legal issue].) The 11th Amendment of the U.S. Constitution makes defendant BUSD and defendants LIU and CALABRESE (in their official capacities) immune from suit under 42 U.S.C. §§ 1981 and 1983. This legal issue is dispositive and disposes of Plaintiff's Sixth through Ninth Causes of Action. The law also disposes of Plaintiff's Fifth Cause of Action against defendant BUSD because an unfair competition violation cannot be stated against a school district which is not a "business" under Cal. Bus. & Prof. Code

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT

§17200. Further, Plaintiff's 42 U.S.C. §§ 1981 and 1983 claims against Defendants LIU and CALABRESE in their individual capacities do not allege facts sufficient to support cognizable legal theory because the facts alleged only allege acts taken in their official capacities. To survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. (*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544.) Dismissal is appropriate if the complaint lacks a cognizable legal theory or if there is an absence of sufficient facts to support a cognizable legal theory. (*Robertson v. Dean Witter Reynolds, Inc.* (9th Cir. 1984) 749 F.2d 530, 534.)

### B. Defendant BUSD is Not a "Person" under the Unfair Competition Law (Fifth Cause of Action).

In his Fifth Cause of Action, Plaintiff sues Defendant BUSD under Cal. Bus. & Prof. Code § 17200, which provides relief against any person who has engaged in unfair competition. Defendant BUSD is a governmental entity and is not amenable to suit under the unfair competition law. A "person" for the purposes of unfair competition law is defined to include "natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons" (*Bus. & Prof. Code* §17201.) Plaintiff admits and alleges that defendant BUSD is a public entity and governmental agency. (Complaint, ¶ 6). Governmental entities are not "persons" who may be sued under the unfair competition law. (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1203; *Cal. Med. Ass'n v. Regents of Univ. of Cal.* (2000) 79 Cal. App. 4th 542, 551.) ["University of California is a public entity and therefore not a "person" within the meaning of the Unfair Practices Act"]. Cal. Bus. & Prof. Code §17201 does not include any references to governmental agencies or public entities, and the plain language of the statute is controlling here. (*People for Ethical Treatment of Animals, Inc. v. California Milk Producers Advisory Bd.* (2005) 125 Cal.App.4th 871, 878-879.)

10

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT

"A traditional rule of statutory construction is that, absent express words to the contrary, governmental agencies are not included within the general words of a statute." (*Wells v. One2One Learning Foundation*, *supra,* 39 Cal.4th at 1192.) "The words of the statute must be given their ordinary meaning and receive a commonsense construction." (*Community Memorial Hospital v. County of Ventura* (1996) 50 Cal.App.4th 199, 209.) The statute did not include public entities, and there is no other indication in the unfair competition law that evidences any intent to impose governmental liability. (*Id.* at 879-880; see also *Trinkle v. California State Lottery* (1999) 71 Cal.App.4th 1198, 1203.)

Since there is no liability as a matter of law, Plaintiff's Fifth Cause of Action fails to state a claim and it is not curable by amendment and should therefore be dismissed with prejudice.

### C. Defendant BUSD and Defendants LIU and CALABRESE in their Official Capacity are Immune from Suit under Eleventh Amendment of US Constitution (Sixth through Ninth Causes of Action).

Plaintiff brings his Sixth, Seventh, Eighth and Ninth Causes of Action under 42 U.S.C. § 1983 for race discrimination and retaliation against Defendants LIU and CALABRESE in their official and individual capacities (Complaint, ¶¶ 93-99), and under 42 U.S.C. § 1981 for racial discrimination and retaliation against Defendants LIU and CALABRESE in their official and individual capacities (Complaint, ¶¶ 100-113). The Eighth Cause of Action under 42 U.S.C. § 1981 is also stated against Defendant BUSD (Complaint, p.24:14).

As noted above, Plaintiff alleges that Defendant BUSD is a governmental agency and a public entity. (Complaint, ¶6), and that it is a school district operating elementary and middle schools in Contra Costa County under California law. (*Ibid.*) Plaintiff further alleges that Defendants LIU and CALABRESE were agents of Defendant BUSD and were acting within the course and scope of their employment and agency with Defendant BUSD **at all times.** (*emphasis added*) (Complaint, ¶¶ 7-8).  Plaintiff sues

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT

Defendants LIU and CALABRESE in their official and individual capacities. (*Ibid.*)

It is well settled law that school districts in California are considered to be state agencies for Eleventh Amendment purposes, (*USCS Const. Amend. 11*), and thus are immune from suit under 42 U.S.C. §1981 and 1983.  (*Belanger v. Madera Unified School Dist.* (9th Cir. 1992) 963 F.2d 248, 253 ["California public schools have long been treated as state agencies under California law" and are immune to suit under the 11th Amendment]; *Kirchmann v. Lake Elsinore Unified School Dist.* (2000) 83 Cal.App.4th 1098, 1101-1102.)

> The Eleventh Amendment prohibits federal courts from hearing 'any suit in law or equity, commenced or prosecuted against one of the United States . . . .' The prohibition 'encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities.'

(*Id.*) In *Kirchmann*, the defendant school district suspended its employee, the plaintiff, after she anonymously communicated to bidders on a school district construction project about a conflict of interest in the selection process.  Plaintiff sued the school district under 42 U.S.C. § 1983 for violation of her civil rights (*Id.* at 1100.) The Court did a lengthy analysis of the immunity afforded school districts in California, applying the analysis of *Will v. Michigan Dept. of State Police* (1989) 491 U.S. 58, 68-69 [States and their instrumentalities are not "persons" under 42 U.S.C. §1983].  The *Kirchmann* court extended Eleventh Amendment immunity to the defendant Lake Elsinore Unified School District and sustained a demurrer to the §1983 cause of action finding that:

> In view of the extensive control of the state over the fiscal affairs and political status of school districts, the Ninth Circuit correctly determined a California school district should be considered an arm of the state for purposes of the Eleventh Amendment.

*Kirchmann, supra* at 1115.[1]

---

[1] ". . . if an entity is not subject to suit under section 1983 in federal court because of the Eleventh Amendment, Congress presumably did not intend that it be subject to suit under section 1983 in state court either."(*Kirchmann v. Lake Elsinore Unified School Dist.* (2000) 83 Cal.App.4th 1098, 1104.)

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT

Similarly, here, defendant school district BUSD, and its agents, defendants LIU and CALABRESE, who were acting within the course and scope of their employment at all relevant times as Plaintiff expressly alleged and are therefore entitled to Eleventh Amendment immunity and are immune from suit under 42 U.S.C. § 1983, as well as 42 U.S.C. § 1981. (*Carmen v. San Francisco Unified Sch. Dist.* (N.D.Cal. 1997) 982 F.Supp. 1396.)

The *Carmen* decision, decided by Judge Maria-Elena James of this Court, is particularly instructive. Gwendolyn Carmen, an African-American female, was employed as a substitute teacher for defendant San Francisco Unified School District, "SFUSD", and she filed a discrimination suit in federal court against SFUSD and several individual defendants, and the union, alleging race and age discrimination under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and 42 U.S.C §§ 1981, 1983, 1985, and 1986, claiming she was wrongfully denied promotion and/or permanent employment because of her race and age. The Court found that the Eleventh Amendment afforded the school district and its agents immunity from suit and dismissed with prejudice plaintiff Carmen's 42 U.S.C. §1981 and 1983 claims.

The *Carmen* decision also held that it was clear that SFUSD could not be sued under 42 U.S.C § 1983 because it is not applicable to government entities or its officials acting in an official capacity.

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

(*Carmen v. San Francisco Unified Sch. Dist.*, *supra,* 982 F.Supp. at 1403.) Finally, *Carmen* applied the well-settled Ninth Circuit and U.S. Supreme decisions extending Eleventh Amendment immunity to the individual defendants acting in their official capacities under 42 U.S.C. §§ 1981 and 1983. (*Id.* at 1408.) Accordingly, Plaintiff's Sixth, Seventh, Eighth and Ninth Causes of Action against individual defendants LIU

13

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT

and CALABRESE in their official capacities, and on the Eighth Cause of Action also as against defendant BUSD, fail to state legally cognizable claims, cannot be cured by amendment, and thus must be dismissed with prejudice.

### D. Plaintiff's Facts Allege only Official Acts by Defendants LIU and CALABRESE Thereby Entitling Them to Eleventh Amendment Immunity For All Acts Alleged (Sixth through Ninth Causes of Action).

Plaintiff's complaint expressly sues individual defendants LIU and CALABRESE in their individual (or personal) capacities as well as their official capacities, but it simultaneously alleges that LIU and CALABRESE were acting within the course and scope of their employment at all relevant times. (Complaint, ¶¶ 7-8). While individual defendants may not be accorded Eleventh Amendment immunity for wrongful acts taken in their personal capacity against Plaintiff under 42 U.S.C. §§ 1981 and 1983 (*Carmen v. San Francisco Unified Sch. Dist.*, *supra,* 982 F.Supp. at 1408), to withstand a motion to dismiss under FRCP Rule 12(b)(6), the facts pled must be sufficient to state such a claim. Here, Plaintiff does not allege such facts. (Complaint, ¶¶ 18-62).

The acts alleged are that Defendant CALABRESE made allegedly race based remarks during a training about students, or that he failed to choose Plaintiff for an interview for a position he applied for, or that Defendant LIU placed Plaintiff on leave while the District investigated complaints filed against Plaintiff by two different teachers who felt bullied by Plaintiff, and/or a series of other acts regarding Defendant LIU's handling of the complaints by the two teachers and the communication to Plaintiff regarding the investigator's findings and the District's decision not to renew his contract as an Assistant Principal at Bristow Middle School. (*Ibid.*) None of these acts are acts taken by defendants LIU and CALABRESE in their personal capacity.

Instead, all of the allegations encompass acts taken in their official capacity as Assistant Superintendents of BUSD, and thus Defendants LIU and CALABRESE are entitled to Eleventh Amendment immunity from suit for all the facts alleged in Plaintiff's complaint. Plaintiff does not allege that these individual defendants harassed Plaintiff on

14

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT

account of his race, national origin, sex or gender, or otherwise acted outside the course and scope of their employment. Indeed, he complains uniquely that he was wrongfully investigated and demoted, and/or passed over for promotion, which are personnel actions by defendants LIU and CALABRESE. Accordingly, Plaintiff's Sixth, Seventh, Eighth and Ninth Causes of Action against individual defendants LIU and CALABRESE must be dismissed with prejudice in their entirety.

### E. Plaintiff's Request for Punitive Damages Must be Dismissed.

Under Cal. Gov't Code §818, plaintiff may not recover punitive damages from defendant BUSD. Instead, Plaintiff's complaint seeks to recover punitive damages from individual defendants LIU and CALABRESE under Cal. Civ. Code §3294. (Complaint, ¶¶ 114-115). Because the Eleventh Amendment affords immunity from suit to individual defendants LIU and CALABRESE, the Sixth, Seventh, Eighth and Ninth causes of action brought under 42 U.S.C. §§ 1981 and 1983 for racial discrimination and retaliation are not legally cognizable claims. (*FRCP, Rule* 12(b)(6)). As such, they will be dismissed with prejudice, and thus Plaintiff's request for punitive damages against individual defendants LIU and CALABRESE must also be dismissed.

Furthermore, the facts alleged in the complaint do not rise to the level of despicable or malicious acts. (Complaint, ¶¶ 18-62). In other words, the complaint is devoid of facts to support a claim for punitive damages, or to show fraud, oppression or malice, which justifies dismissal under FRCP, Rule 12(b)(6) (*Parker v. Fid. Sec. Life Ins. Co.* (E.D.Cal. July 27, 2006, No. CIV F 06-654 AWI DLB) 2006 U.S.Dist.LEXIS 56724, at *19.)

### V. CONCLUSION

For all the foregoing reasons, Defendant BUSD respectfully requests an order:

(1) Dismissing with prejudice the Fifth Cause of Action for Unfair Competition alleged against Defendant BUSD because BUSD is not amenable to suit under the UCL;

(2) Dismissing with prejudice the Eighth Cause of Action for violation of 42 U.S.C.

15

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT

§ 1981 for racial discrimination alleged against Defendant BUSD because BUSD is immune from suit under the Eleventh Amendment;

(3) Dismissing the Sixth and Seventh Causes of Action for violation of 42 U.S.C. § 1983 for racial discrimination and retaliation against individual Defendants LIU and CALABRESE in their official and individual capacities because they are immune from suit under the Eleventh Amendment;

(4) Dismissing the Eighth and Ninth Causes of Action for violation of 42 U.S.C. § 1981 for racial discrimination and retaliation against individual defendants LIU and CALABRESE in their official capacities because they are immune from suit under the Eleventh Amendment;

(5) Dismissing the Eighth and Ninth Causes of Action for violation of 42 U.S.C. § 1981 for racial discrimination and retaliation against individual defendants LIU and CALABRESE in their individual capacities because they are immune from suit under the Eleventh Amendment in their official capacities and the facts alleged do not support a claim in their personal capacities; and

(6) Dismissing the Request for Punitive Damages against individual Defendants LIU and CALABRESE.

Date: April 19, 2023

**LEONE ALBERTS & DUUS**

_____
KATHLEEN DARMAGNAC
Attorneys for Defendants
BRENTWOOD UNION SCHOOL DISTRICT
ROXANNE JABLONSKI-LIU
CHRIS CALABRESE

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIFTH, SIXTH, SEVENTH, EIGHTH AND NINTH CAUSES OF ACTION FROM PLAINTIFF'S COMPLAINT